IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**PEDRO MONTOYA-ELIZALDE, aka Pedro Castro-Lopez, Pedro Montoya-Cardenas,**<br><br>　　　　　Defendant. | **ORDER**<br><br>Case No. 1:06CR53DAK |

　　　　Defendant has filed a Request for Hearing to Determine Defendant's Date of Birth. The government has filed its position with respect to Defendant's age. Because the parties have since indicated to the court that they would prefer that the court rule on the briefs, the court enters the following order based upon the parties' submissions.

　　　　In this case, Defendant is accused of an offense that happened on or about June 9, 2006. Defendant submits that his date of birth is June 29, 1988, and, therefore, he was seventeen years old on the date on which the offense occurred. Defendant has provided the court with a birth certificate from a relative and birth certificates that defense counsel received from the Mexican Consulate. Defendant has also submitted documentation from the United States Department of Justice, Immigration and Naturalization Service entitled "Record of Deportable/Inadmissible Aline." The first of such records provides the same date of birth as the birth certificate. Subsequent records use different names and different dates of birth.

The government argues that Defendant claimed to be an adult when he was arrested and he had a Mexican identification card indicating that he was an adult. It is clear from the record before the court that Defendant has used several names and dates of birth in his several encounters with law enforcement. The court agrees that this evidence impacts Defendant's credibility. However, the determination of Defendant's date of birth does not turn solely on Defendant's credibility.

The government also argues that Defendant's identity is uncertain. The Complaint in this case was filed under the name of Pedro Castro-Lopez. But at a June 14, 2006 detention hearing, Defendant stated that his true name was Pedro Montoya-Elizalde. Magistrate Judge Alba asked the government to check into the matter. A week later, on June 21, 2006, the government indicted Defendant as Pedro Montoya-Elizalde. The government was certain enough about his identity at that time to change Defendant's name on the Indictment. The documents also appear to confirm Defendant's alias' and the fact that Defendant is, in fact, Pedro Montoya-Elizalde.

Although Defendant's credibility is dubious, the court concludes that the documents submitted by Defendant are sufficient to demonstrate that Pedro Montoya-Elizalde's date of birth is June 29, 1988. Therefore, the court concludes that Defendant was a minor when the alleged offense occurred.

DATED this 5th day of October, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge